UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| ANTWON BROOME, | ) | |
| --- | --- | --- |
| | ) | Case Nos. 1:20-cv-236, 1:17-cr-60 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 1 in Case No. 1:20-cv-236; Doc. 56 in Case No. 1:17-cr-60). For the reasons set forth below, the motion will be **DENIED**.

### I. BACKGROUND

In 2018, Petitioner pled guilty to and was subsequently convicted of possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (*See* Docs. 21, 29.) At his sentencing hearing on August 24, 2018, the Court determined that Petitioner qualified as a career offender under U.S.S.G. § 4B1.1 and sentenced Petitioner to 190 months' imprisonment. (*See* Docs. 30, 43, 49.) Petitioner's career-offender status was based on at least twelve prior convictions: four convictions for aggravated robbery, one conviction for especially aggravated robbery, two convictions for attempted first degree murder, three convictions for selling cocaine, and two convictions for possession of cocaine for resale. (*See* Doc. 30, at 9–16.) Petitioner also had two

convictions for assault, although it is unclear whether those convictions were included as career-offender predicates at the time of his sentencing. (*See id.* at 10–11.)

Petitioner appealed the Court's judgment, arguing that his sentence was procedurally and substantively unreasonable, but the United States Court of Appeals for the Sixth Circuit affirmed. (*See* Docs 46, 52.)

On August 24, 2020, Petitioner filed the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. 1 in Case No. 1:20-cv-236; Doc. 56 in Case No. 1:17-cr-60.) Petitioner argues that (1) his possession-of-cocaine-for-resale convictions no longer qualify as controlled-substance offenses in light of the Sixth Circuit's decision in *United States v Havis*, 927 F.3d 382 (6th Cir. 2019), (2) Tennessee assault is not a crime of violence under the guidelines, and (3) his § 851 enhancement is invalid under the First Step Act. (*See* Doc. 1 in Case No. 1:20-cv-236; Doc. 56 in Case No. 1:17-cr-60.)

## II.     STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Section 2255(f) imposes a one-year limitations period on all petitions for collateral relief under § 2255 running from the latest of: (1) the date when the judgment of conviction becomes

final; (2) the date when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

In ruling on a § 2255 petition, the Court must also determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Martin*, 889 F.3d at 832 (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)) (internal quotation marks omitted). While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*. When petitioner's factual narrative of the events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id*.
3

### III. ANALYSIS

As a preliminary matter, the Court notes that Petitioner's motion is timely under § 2255(f)(1) because he filed the motion within one year from the date the judgment became final. Nevertheless, Petitioner's motion fails because his claims are procedurally defaulted and without merit.

#### A. Procedural Default

Petitioner's claims are procedurally defaulted because he did not raise them on direct appeal. Issues not raised on appeal are procedurally defaulted and "may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Petitioner argues that his claims for relief are not procedurally defaulted, because the law supporting them was not available at the time of his direct appeal. (*See* Doc 1, at 10, in Case No. 1:20-cv-236.) However, even supposing Petitioner could show cause for failing to raise these arguments earlier, he was not prejudiced by that failure, because, as discussed below, his claims fail as a matter of law.

#### B. Merits

Petitioner's claims cannot withstand judgment on the merits. First, the Sixth Circuit has held that a petitioner challenging a career-offender designation is not entitled to § 2255 relief when he "does not allege that he is innocent of the charged offense or the underlying predicate offenses" and "does not rely on any constitutionally prohibited factors." *Snider v. United States*, 908 F.3d 183, 191 (6th Cir. 2018) ("[Petitioner] was sentenced under an advisory guidelines scheme, and the district court applied the 18 U.S.C. § 3553(a) factors at sentencing. Although the career designation may have affected the ultimate sentence imposed, it did not affect the lawfulness of the sentence itself." (citations, alternations, and internal quotation marks omitted)).

Here, Petitioner does not allege that he is innocent of any of the underlying offenses nor does he raise any constitutional issues with his sentence. Instead, Petitioner argues that subsequent case law has changed the interpretation of the guidelines, but such changes cannot support a motion to vacate, set aside, or correct a sentence under § 2255.

Second, *Havis* did not affect Petitioner's possession-for-resale convictions, *see United States v Garth*, 965 F.3d 654, 657 (6th Cir. 2020), nor does it apply retroactively on collateral review, *Bullard v. United States*, 937 F.3d 654, 657 (6th Cir. 2019).

Finally, even if the Court were to consider that his possession-for-resale convictions and his assault convictions do not qualify as career-offender predicates, Petitioner still has ten other convictions that qualify—several more than the requisite two under U.S.S.G.§ 4B1.1. Accordingly, Petitioner is not entitled to the relief he seeks.

## IV. CONCLUSION

The record before the Court conclusively shows that Petitioner is not entitled to relief. Therefore, an evidentiary hearing is unnecessary. *See Martin*, 889 F.3d at 832. Petitioner's § 2255 motion (Doc. 1 in Case No. 1:20-cv-236; Doc. 56 in Case No. 1:17-cr-60) is **DENIED**, and this action will be **DISMISSED WITH PREJUDICE**.

Should Petitioner give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, which is **DENIED** because he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and

would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24.

    **AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**